# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **EARL BENNETT SORRELLS,** § | | |
| Petitioner, § | | |
| § | | |
| V. § | A-09-CA-375-SS | |
| § | | |
| **RICK THALER, Director,** § | | |
| **Texas Dept. of** § | | |
| **Criminal Justice-Correctional** § | | |
| **Institutions Division,**[1] § | | |
| Respondent. § | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE SAM SPARKS
 UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Supporting Brief and Memorandum of Law (Document 4); Respondent's Answer (Document 12); Petitioner's response thereto (Document 14); and Petitioner's Supplemental Record (Documents 16, 20). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

---

[1] The previous named respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Thaler is automatically substituted as a party.

# STATEMENT OF THE CASE

## A. Petitioner's Criminal History

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 403rd Judicial District Court of Travis County, Texas in cause number 9044144. On February 9, 2005, a jury found Petitioner guilty of Driving While Intoxicated and assessed punishment at 25 years in prison. Petitioner's conviction was affirmed on June 19, 2007. Sorrells v. State, No. 03-05-00135-CR, 2007 WL 1790693 (Tex. App. – Austin 2007, pet. ref'd). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on September 26, 2007. Sorrells v. State, PDR No. 1103-07.

Petitioner also challenged his conviction in a state application for habeas corpus relief. On April 1, 2009, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. Ex parte Sorrells, Appl. No. 71,256-02.

## B. Factual Background

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

> The record shows that appellant was indicted for felony DWI, pled not guilty, and proceeded to jury trial. Trooper Tim Gage of the Texas Department of Public Safety was the only witness who testified about appellant's arrest. Trial testimony revealed that, about 4:30 a.m. on November 1, 2003, Gage saw appellant driving a van in the wrong direction on San Jacinto Street in Austin and stopped the van. Gage testified that appellant had an odor of alcohol on his breath, produced an expired temporary driver's license, and stated that he was a designated driver for a bar. Gage observed the unusual appearance of appellant's eyes: one was solid white and blind, the other was glassy. Appellant initially denied consuming any alcoholic beverages that evening, but he subsequently admitted to drinking "a few beers." He also informed the trooper, "I'm normally drunker than this." Appellant was unsuccessful in his performance of three field sobriety tests, and Gage arrested appellant for DWI.

After rejecting the State's plea bargains—offering incarceration for five years or between two and ten years—appellant proceeded to trial. At trial, the State alleged that appellant was guilty of felony DWI based on his two prior DWI convictions from 1991. The State relied on section 49.09(b)(2) of the penal code, which provides that a person who is intoxicated while operating a motor vehicle in a public place commits the misdemeanor offense of DWI, but that offense is punishable as a third-degree felony if it is shown that the person has two prior DWI convictions. Id. § 49.04(a), § 49.09(b)(2). Under section 49.09(e) of the penal code-in effect at the time of the offense-a prior conviction was too remote if the judgment of conviction, discharge from community supervision, completion of parole, or release from confinement occurred more than ten years before the commission of the offense for which the person was being tried. See Act of May 21, 2001, 77th Leg., R.S., ch. 648, 2001 Tex. Gen. Laws 1213, 1214, repealed by Act of May 25, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364.

To prove that appellant's 1991 convictions for DWI were not too remote from his 2003 offense, the State offered testimony concerning the dates of appellant's release from prison and discharge. William Seigman, director and custodian of records for the review and release processing section in the parole division of the Texas Department of Criminal Justice, testified that the State released appellant from confinement for his 1991 DWI convictions in 1996 and discharged him in 1998. To ascertain these dates, Seigman relied on a printout from a database of prison records.

Appellant objected that Seigman's use of the computer printout—which was not a certified copy—rendered Seigman's testimony about the 1991 convictions "unreliable and insufficient." The court overruled that objection and admitted the evidence of appellant's prior convictions. The jury subsequently found appellant guilty of felony DWI, and the court sentenced him to twenty-five years' confinement. This appeal followed.

Sorrells v. State, No. 03-05-00135-CR, 2007 WL 1790693 at *1-2 (Tex. App. – Austin 2007, pet. ref'd).

## C. Petitioner's Grounds for Relief

Petitioner raises the following grounds for relief:

1. He was denied effective assistance of counsel at trial because his trial counsel:

    a. failed to request a lesser included offense instruction in the jury charge; and

        b.        failed to establish that he had previously been convicted and incarcerated for the same offense for which he was being tried;

    2.        His conviction for driving while intoxicated violated double jeopardy;

    3.        The prosecutor withheld evidence in violation of <u>Brady v. Maryland</u>; and

    4.        He was improperly convicted of felony driving while intoxicated based on evidence of prior offenses that were not sufficiently proven by the State, and the application of the DWI enhancement statute was unconstitutionally applied to him.

**D.    Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.    The Antiterrorism and Effective Death Penalty Act of 1996**

The AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.     Ineffective Assistance of Counsel**

In his first ground for relief, Petitioner argues that he was denied effective assistance of counsel. Specifically, Petitioner asserts counsel failed to (a) request a lesser included offense instruction in the jury charge and (b) establish that he had previously been convicted of and incarcerated for the same offense for which he was being tried.

5

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

1. <u>Failure to Request a Jury Instruction as to a Lesser Included Offense</u>

Petitioner first faults counsel for failing to request a jury instruction as to a lesser included offense of misdemeanor driving while intoxicated. On state habeas review the state court concluded:

> Applicant was not entitled to the inclusion of a jury instruction on the lesser-included offense of misdemeanor DWI because the evidence in the record would not permit a rational jury to find that Applicant was guilty of misdemeanor DWI.
>
> Applicant has not demonstrated that Trial Counsel rendered ineffective assistance by failing to request an instruction to which Applicant was not entitled. Applicant has not demonstrated that Trial Counsel rendered ineffective assistance by failing to preserve what was not error by the trial court.

Ex parte Sorrells, Appl. No. 71,256-02 at 92.

The state court's rejection of Petitioner's claim that counsel was ineffective for failing to request a lesser-included offense instruction is not contrary to or an unreasonable application of Strickland. The evidence at trial did not permit a rational jury to acquit Petitioner of felony driving while intoxicated and instead convict him of misdemeanor driving while intoxicated. See Kinnamon v. Scott, 33 F.3d 462, 464-65 (5th Cir. 1994) (explaining counsel did not render ineffective assistance in not requesting jury instructions on lesser-included offenses because the evidence did not permit a rational jury to acquit of capital murder and convict of felony murder). The State properly introduced into evidence two of Petitioner's prior DWI convictions. When the evidence does not support the giving of lesser-included-offense instructions, counsel does not render deficient representation by failing to request such instructions or object to their omission. Furthermore, Petitioner has shown no prejudice from the failure of counsel related to the omitted lesser-included-offense instruction. He has not shown a reasonable probability that the outcome of his trial would have differed had counsel requested the instruction.

2. <u>Failure to Establish that Petitioner Previously Pled Guilty to Same DWI Offense</u>

Petitioner next alleges counsel was deficient in failing to establish that he had previously been convicted of and incarcerated for the same offense for which he was being tried. Petitioner believes he had previously pled guilty to the same DWI offense and was sentenced to 90 days in jail. Defense counsel provided her affidavit to the state habeas court. Counsel stated:

> I recall that [Petitioner] received both a [Possession of Marijuana] POM charge and a DWI (Class B) on Halloween night. The POM was pled out in December but the DWI was actually dismissed, not run concurrent. We originally tried to do the plea and sentencing at a jail call about a week after his arrest but could not because the County Attorney referred the [DWI] to the District Attorney for enhancement. I informed [Petitioner] at this November setting that we couldn't do the plea that day because of the enhancement. I told him the case would be reset for the next month.

Ex parte Sorrells, Appl. No. 71,256-02 at 70. On state habeas review the state court found:

> On December 10, 2003, Applicant pleaded guilty and was sentenced to 90 days imprisonment for the misdemeanor possession of marijuana offense in Cause No. 652644. On December 10, 2003, the prosecution dismissed the misdemeanor DWI offense in Cause No. 652643 because Applicant had been indicted for the felony DWI offense (Indictment No. 9030768) on November 24, 2003. On September 17, 2004, Applicant was re-indicted on felony DWI (Indictment No. 9044144) in the instant cause. On February 9, 2005, the prosecution dismissed Indictment No. 9030768. On February 9, 2005, Applicant was convicted of felony DWI pursuant to the instant cause.

Id. at 92. The state habeas court concluded that Petitioner had not demonstrated that he was twice tried and punished for the same offense in violation of the constitutional protection against double jeopardy. Id.

Petitioner has failed to show that counsel was deficient, because Petitioner was not tried and punished for the same offense. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

8

### C. Double Jeopardy Claim

In his next ground for relief, Petitioner argues that his conviction violates the Double Jeopardy Clause. The Double Jeopardy Clause provides that no "person [may] be subject for the same offence to be twice put in jeopardy of life or limb." The Supreme Court has interpreted the clause to protect against multiple prosecutions and multiple punishments for the "same offence." United States v. Cruce, 21 F.3d 70, 72 (5th Cir. 1994) (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). As explained above, Petitioner did not previously plead guilty to the same DWI offense. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

### D. Destruction of Evidence

In his next ground for relief, Petitioner claims the prosecutor withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). Specifically, Petitioner claims the prosecutor withheld a videotape of his field sobriety tests and arrest, because Trooper Gage had lost or destroyed it. Although Petitioner labels his claim a Brady violation, this claim is more properly construed as a destruction of evidence claim.

At trial Trooper Gage testified that the video recorder in his vehicle was malfunctioning. 1 RR 54-56, 72-81. There was no video of Petitioner's field sobriety test because the video was "recording over itself," and the videotape in Trooper Gage's car was "blank." 1 RR 54-56, 74, 80-81. On state habeas review, the state habeas court found that Petitioner failed to demonstrate that the State suppressed or lost evidence that was material and favorable to Applicant, or that the State acted in bad faith in failing to preserve such evidence. Ex parte Sorrells, Appl. No. 71,256-02 at 92.

9

In order to establish a 14th Amendment due process violation based on the destruction of evidence potentially useful to the defendant, a defendant must show that law enforcement acted in bad faith in destroying the evidence. Arizona v. Youngblood, 488 U.S. 51, 109 S. Ct. 333 (1988). The state court's factual findings that the State did not act in bad faith must be accorded a presumption of correctness. 28 U.S.C. § 2254(e)(1). In light of the testimony before the state court, Petitioner fails to rebut the court's findings by proffering evidence that meets the required heightened level of clear and convincing. Hill v. Johnson, 210 F.3d 481, 487 (5th Cir. 2000). Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

**E.     Improper Enhancement**

In his final ground for relief Petitioner argues the trial court improperly used Petitioner's prior convictions to confer felony jurisdiction. Petitioner objects to the admission of his prior convictions based upon Seigman's testimony. He further objects to the admission of his prior convictions and argues those convictions had passed the statute of limitations for use.

At the time of Petitioner's 2003 DWI offense, a conviction could not be used for purposes of enhancement if:

(1) the conviction was a final conviction under Subsection (d);

(2) the offense for which the person is being tried was committed more than 10 years after the latest of:

(A) the date on which the judgment was entered for the previous conviction;

(B) the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;

(C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the term to which the person was sentenced for the previous conviction; or

(D) the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction; and

(3) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated within 10 years of the latest date under Subdivision (2).

TEX. PEN. CODE ANN. § 49.09(e) (Vernon 2003).[2]

Petitioner challenged on appeal the admissibility of his 1991 convictions. The appellate court explained:

> The State offered two pen packets to prove appellant's 1991 DWI convictions. Because these convictions were more than ten years before appellant's 2003 DWI offense, they were only admissible if the trial court determined that the dates of appellant's release and discharge for his 1991 convictions were within ten years of his 2003 DWI offense. See TEX. PENAL CODE ANN. § 49.09(e)(2)(A). Seigman testified that, with regard to the 1991 convictions, appellant was released from confinement in 1996 and discharged in 1998. Based on this testimony, the trial court

---

[2]By contrast, at the time of Petitioner's 1991 DWIs, a conviction could not be used for purposes of enhancement if:

(1) the conviction was a final conviction under the provisions of Subsections (g) and (h) of this article and was for an offense committed more than 10 years before the offense for which the person is being tried was committed; and

(2) the person has not been convicted of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or Article 6701 l-1, or Article 6701 l-2, Revised Statutes, committed within 10 years immediately preceding the date on which the offense for which the person is being tried was committed.

Act of June 16, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1576, repealed by Act of June 19, 1993, 73d Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704.

11

found that appellant's 1991 convictions were not too remote and admitted the pen packets.

Appellant argues that Seigman's testimony was unreliable and insufficient to support admission of the 1991 pen packets. However, we give almost total deference to trial court findings of fact that are based on evaluating credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court heard and accepted Seigman's testimony that appellant's discharge and release dates for the 1991 convictions were within 10 years of his instant offense, and appellant presented no evidence to suggest otherwise. Nothing in this record suggests that the trial court abused its discretion by determining that the 1991 convictions were not too remote and admitting evidence of those convictions.

Appellant also argues that Seigman's testimony from uncertified prison records failed to satisfy evidentiary rules, and the trial court abused its discretion by considering it. But the court was not bound by the rules of evidence in its determination of the preliminary question concerning the prior convictions' admissibility. See TEX. R. EVID. 104(a). Seigman's testimony was offered to determine the preliminary question of the remoteness of appellant's 1991 DWI convictions. See id. Because we conclude that the trial court's ruling was not outside the zone of reasonable disagreement, we overrule his first issue.

Sorrells v. State, No. 03-05-00135-CR, 2007 WL 1790693 at *2-3 (Tex. App. – Austin 2007, pet. ref'd). The court also considered the legal sufficiency of the evidence. The court noted:

At trial, the court admitted the State's exhibits containing certified copies of pen packets, the trial court's docket sheets pertaining to appellant's 1991 DWIs, and appellant's driving record. The State offered the pen packets in cause numbers 0910596 and 106243 as evidence of appellant's two prior DWI convictions. The packets showed that appellant committed the offense of DWI on October 12, 1990, and on January 13, 1991, and that he was convicted of both offenses on May 3, 1991. This evidence identified appellant by his name and through photographs, one in which his impaired eye was visible. The evidence also included a "ten-print" card-providing appellant's fingerprints, date of birth, height, weight, a description of his tattoo, and a notation of his blind left eye. The State presented testimony from a fingerprint expert, who matched the ten-print card in the pen packet to a fingerprint sample given by appellant. Additionally, the certified copy of appellant's driving record, prepared by the custodian of driver records of the Texas Department of Public Safety, identified appellant by name and date of birth and demonstrated that he had two convictions, in docket numbers 0000910596 and 0000106243, for DWI.

Id. at *3. The state appellate court, viewing this evidence in the light most favorable to the verdict, concluded that the evidence was legally sufficient. Id. at *4. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

Petitioner's constitutional challenge also fails. In Gryger v. Burke, 334 U.S. 728, 68 S. Ct. 1256 (1948), the United States Supreme Court considered a defendant who was sentenced as a habitual offender based on a law that was enacted after his prior offense. The Court reasoned that: "[t]he sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one." Id. at 732, 68 S. Ct. 1256. The application of the 2001 version of the DWI enhancement statute did not increase Petitioner's punishment for his prior convictions and is not an ex post facto law. Romo v. State, No. 04-05-00602-CR (Tex. App. – San Antonio 2006, no pet.) Petitioner's punishment is based on the date of his most recent offense, which took place after the amendment became effective, rather than based on the dates of his earlier offenses.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of March, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE